UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

KATHY DUMM AND JANIE ZUMBRO,

    Plaintiffs,

v.

RUTHERFORD COUNTY, TENNESSEE,
BILL BONER and RYAN DUGGIN,

    Defendants.

NO. 3-12-cv-1028

HAYNES/BROWN

JURY DEMAND

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is adopted.

I.    **Jurisdiction and Venue.**

II.    **Parties' Theories of the Case.**

    A.    **Plaintiff's Theory of the Case.**

During the course of their employment with defendants, plaintiffs were subjected to a pattern and practice of sexual harassment and gender discrimination by the individual defendants and pursuant to a policy and practice of defendant Rutherford County, Tennessee, all in violation of Title VII, 42 U.S.C. § 1983 and the Tennessee Human Rights Act. Defendants terminated plaintiffs' employment in retaliation for their complaints about defendants' illegal conduct, also in violation of Title VII, 42 U.S.C. § 1983 and the

Tennessee Human Rights Act. Plaintiffs have incurred substantial damages as a result of defendants' illegal conduct.

### B. Defendant's Theory of the Case.

Defendants deny they or any of their agents are guilty of any wrongdoing in this incident. Defendants deny any illegal conduct with regard to the employment of Kathy Dumm and Janie Zumbro. Defendants deny subjecting Plaintiffs to any form of gender discrimination or sexual harassment. Defendants filed an Answer which effectively denies Plaintiffs' allegations and asserts applicable defenses.

### III. Scheduled of Pretrial Proceedings.

**A. Rule 26(a)(1) Disclosures.** The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within 30 days from the date of the initial case management conference.

**B. Meeting of Counsel and Parties to Discuss Settlement Prospects.** Ninety (90) days from the date of the initial case management conference, counsel and clients are require to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties

believed that one of the Alternative Dispute Resolution (ADR) procedures under the Local Rules would further assist the parties in resolving this matter.

C. **Other Pretrial Discovery Matters**. As determined at a case management conference on December 3, 2012, this action is set for a jury trial on December 3, 2013 at 9:00 a.m. If this action is to be settled, the Law Clerk shall be notified by noon on November 30, 2013. If the settlement is reached, thereafter resulting in the nonutilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held November 18, 2013 at 3:00 p.m. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on June 30, 2013. All written discovery shall be submitted in sufficient time so that the response shall be in hand by June 30, 2013. All discovery-related motions shall be filed by the close of business on July 8, 2013. No motions related to discovery or for a protective order shall be filed until the parties have conducted a telephone conference with the Magistrate Judge about the matter. If, after that conference, motions are necessary, the parties will meet to see if they can resolve the issue and they must prepare a jointly signed discovery/protective order dispute statement setting forth precisely the remaining issues in dispute and the reasons why these issues remain unresolved.

All dispositive motions[1] and *Daubert* motions shall be filed by the close of business on August 30, 2013, and any response thereto shall be filed by the close of business on September 23, 2013. Any reply if allowed by the Court will be limited to 5 pages and shall be filed by the close of business on September 30, 2013.[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendment shall be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to 60 such interrogatories. Subparts of a question shall be counted as additional questions for purpose of the overall number. In all other respect, Rule 33.01, Local Rules of Court, shall govern.

By the close of business on May 1, 2013, the Plaintiffs shall declare to the Defendants (<u>not</u> to be filed with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

---

[1] No memorandum in support of or in opposition to any motion shall exceed 20 pages. No reply shall be filed to any response unless invited by the Court.

[2] Strict compliance is required to Rule 56.01, Local Riles of Court, relating to motions for summary judgment.

By the close of business on June 1, 2013, the Defendants shall declare to the Plaintiffs (not to be filed with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on June 30, 2013. There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physicians'' actual treatment of the party.

The expert witness report required by Rule 26(a)(2)(B), Federal Rues of Civil Procedure, is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any *Daubert* challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule 39(c)(6)(c) relating to expert witnesses shall apply in this action, and strict compliance is required.

- 5 -

Case 3:12-cv-01028   Document 13   Filed 12/04/12   Page 5 of 6 PageID #: 53
Case 3:12-cv-01028   Document 14   Filed 12/07/12   Page 5 of 6 PageID #: 59

It is so **ORDERED**.

_____
HONORABLE WILLIAM JOSEPH HAYNES
United States District Judge

12-7-12